The next matter on our calendar is United States v. Thomas Hoey Jr. May it please the Court, my name is Ron Terzog, I appear today on behalf of Thomas Hoey Jr. and I am not involved in any of the proceedings of this case. This is an appeal from a re-sentence after a reunion because one previous conviction of Mr. Hoey was waived, which changed the criminal history of his sentence. The judge reduced his sentence by six months because of that, didn't he? What else did he have to do? Out of how much he owed? He owed in excess of $600,000, didn't he? That he had taken from the pension fund. Yes, but the point isn't, you know, he was adjudicated guilty, he was sentenced for the crime. I'm not here to argue that he didn't commit a crime, but he did lose his payment through sentencing. Pay was his initial amount, and Thomas said he was quite concerned about it. What would you have had the sentencing judge do? Well, I would have had the sentencing judge try to nail down exactly what had happened. Your Honours are aware that the judge, Judge Edelmeyer, made the quote, I'm just in the dark about this litigation, that he was puzzled and that this was fishy. I'm sorry, Mr. Goertz, you're getting a little muffled. You have to speak into the mic. Yes, thank you. The judge said that he was puzzled by the fact of the restitution, that it looked fishy, that he was potentially impugning the motives of Mr. Hoey. Was that unreasonable for him to be skeptical? I mean, why would these outsiders advance $110,000 to Mr. Hoey to pay off this restitution? The judge was skeptical, it seems to me, for good reason, and he certainly gave counsel ample opportunity to explain it. I mean, it was a very thorough sentencing hearing. It went on for quite a while. I think the transcript is 80 pages. Yes, Judge, but he didn't, if he's going to make statements like this is fishy, this doesn't look right to me, this is puzzling. But he made these things, these statements and said, it seems fishy to me, you know, help me, help me out, and that's what he was doing. And counsel didn't come up with any kind of satisfactory answer. Counsel for Mr. Hoey tried to provide the judge with some assurance that this was legitimate and then asked for an adjournment. You know, basically said to the judge, if you have questions about this, if you're doubting the veracity or the genuineness of these efforts, then give us an adjournment and we'll bring you, you know, so that you can have more faith in this. I guess what difference would it have made? I don't think there was, I mean, the government conceded that the money, in fact, was paid, so there was no question that, you know, so it was really a matter of how much credit should the sentencing judge give when a defendant somehow finds the means to pay $110,000 out of more than $600,000 in restitution. And it's apparent Judge Engelmeyer didn't think that it was worth much. Well, you know, that leads to my next point, which is that Judge Engelmeyer kept using the word extraordinary evidence. There's nothing extraordinary about this. There's nothing extraordinary about making the payment. There's nothing extraordinary about Mr. Hoey's efforts at rehabilitation. There doesn't have to be anything extraordinary about it. Judge Engelmeyer basically said, look, I'm going to sentence you exactly the same way as I did before, but for the change in the guideline calculation. I have to change the guideline calculation because the conviction was not apparent, but otherwise I'm just going to sentence you the same way I did before. Well, you say that this was, in your brief, Mr. Girtz, I'd say that this was an error in that he was imposing an extraordinariness requirement, and the government says no, this was the district court explaining why it was giving the factor little weight. So why don't you tell us why we should view this as an actual error by the district court of imposing a legal requirement that is not supported by the law? I suppose that the answer to that is why the judge would have said there's nothing extraordinary about this. Extraordinaryness is not required. Well, but judges all the time, when they're confronted with factors, will sometimes recognize that something weighs heavily because it manifests an extraordinary and unusual degree of remorse or assistance or whatever. This one wasn't entitled to much weight. I'm not sure why we should see Judge Engelmeyer's remarks as saying anything other than that. It just wasn't enough to warrant much weight. Judge Engelmeyer was certainly entitled to use the word extraordinary. Right, but we don't require robotic incantations. That's in many of our cases. I mean, you're trying to say that the use of the word extraordinary somehow amounted to a new legal standard, and I'm suggesting to you that it just has its normal everyday meaning in explaining why he wasn't going to give it much weight. He made restitution, but it wasn't extraordinary, and there had been all the aggravating factors of the case. Well, it seems to me, Your Honor, when you use the word like extraordinary, especially since this circuit has made it clear that extraordinary circumstances are not required, when you use the word extraordinary, you are letting yourself be criticized. So unusual would have been okay? There was nothing unusual about it? So what we have is a rhetorical error here. Well, what was the artificially heightened standard that you are suggesting Judge Engelmeyer created? Well, Judge Engelmeyer said, you know, look, you paid some restitution. You're supposed to pay restitution. That's true. That is true. Judge Engelmeyer said you've taken steps to rebuild pay. You're supposed to take steps to rebuild pay. And that is also true. But those are differences. Those are things that happen. And what is wrong with a judge saying I don't see that these efforts are extraordinary, therefore I'm not going to give much weight as I do the sentencing calculus and weigh all the various factors? As Judge Bradley just pointed out, there is a different way of saying that, which does not use the word extraordinary. Now, I'm really not, you know, doing it because I'm ahead of the game. I think when you use a word like that that has been specifically detected by the circuit, you're creating error. Is it unlawful for a judge to not want to give a reduction or credit unless she believes that the rehabilitation is extraordinary? Would that be unlawful? It's not unlawful, but yet the short answer is extraordinary is not required. The somewhat longer answer is, of course, a judge can look at all the factors. It's not required. Just, you know, but sentencing is a discretionary thing. I mean, there's within the range of reasonableness, and one judge may want extraordinary rehabilitation. Another judge may view it differently. I mean, is that as long as it fits within the range of what's reasonable, it seems to me, you know, it's not different. I don't want to use the word standard, but, you know, in terms of looking at and weighing these different factors, it seems to me there's some latitude here. I agree with you that, you know, this isn't an automatic, you know, every judge has to do this by vote. You know, the circuit and all circuits in the Supreme Court have made it clear that sentencing decisions are unique in every case and are the tolerance of the district judge. But when the district judge says, well, there's nothing extraordinary here, you are signaling, in my mind and in our argument, that there has to be in order for the judge to change his mind. If he had simply said, I've considered the 3553A factors, and I don't think there's anything significantly different from what happened before, other than the guidelines. Am I correct that there was no contemporaneous objection when Judge Engelmeyer used that phrase? So, our standard of review now becomes what? Okay. Thank you. Thank you. You have reserved some time for rebuttal. We'll hear from the government. May I please support? My name is Christy Greenberg, and with me is David Abramowitz, and we represent the appellee, the United States of America. Speak into the microphone, counsel. Mr. Hoey's sentence was both procedurally and substantively reasonable. Hoey's challenges are that it is procedurally unreasonable because Judge Engelmeyer failed to allow Hoey to develop a factual record and rely on unreliable information. So, what do you think he meant when he said this was not extraordinary? That he was waiting for something extraordinary before he acted on it? So, the district court simply stated that Hoey's steps towards self-improvement were commendable but not extraordinary. He didn't impose a requirement. He was simply commenting on the weight of that particular factor. He said that the data was just, it was too little information to change what had already been his fundamental assessment of Hoey. He was required to look at what is new from the time of the original sentencing to the re-sentencing. What did justice require of the original sentencing, and did that change at all from the re-sentencing? I thought it was a suggestion that he had done what he was supposed to do and made restitution, and he wasn't going to get sentencing credit for doing what he was obliged to do. Indeed, if he hadn't done what he was obliged to do, there might have been other repercussions. But that's what I understood. Is that incorrect? So, I believe the extraordinary comment was made in the context of the post-incarceration rehabilitation. What about the $100,000? Wasn't it in reference to that as well? That's not the argument that was made by, in Hoey's claim. The argument was that he used unreliable information and that he failed to allow him to develop a factual record. The argument about the imposition of an incorrect legal standard is made with respect to the post-incarceration rehabilitation factor and how that was weighed specifically. And again, here, with respect to that factor, it was simply the District Court weighing the 3553A factors, rehabilitation against others, and determining that it should not be afforded much weight. And I would note that in the narcotics case that was before Judge Pestel, that also was on appeal, Judge Pestel used the exact same language. His language was that Hoey's steps towards rehabilitation are commendable, but they are not extraordinary. The same language, and that was also upheld by the Second Circuit. Again, the record shows that Judge Engelmeyer carefully considered all of the 3553A factors and just simply didn't think that was a material change that would require a different result or reduction of the sentence as to that factor. As to the arguments regarding the procedural reasonableness of the sentence, Hoey was allowed ample time to develop the factual record. He was given a seven-week adjournment at his request so that he could provide information as to restitution. He was allowed to provide information in terms of a declaration for counsel, information from Hoey himself. At no point did Hoey object and say that the record was incomplete. At no point did he request an adjournment. The exchange was from Hoey's counsel, would you like me to take an adjournment today? It was a question. It was not a request, and it was not an objection. And the court said no, absolutely not. Sorry, you sought an adjournment. I respected that. So there was no request here, no objection that the record was incomplete. There was no plain error with respect to the record on restitution. Similarly, there was no unreliable information that the court used with respect to restitution. The information came from Hoey's counsel. The information as to restitution was undisputed. The amount of the restitution came from Hoey's counsel. The timing of the restitution came and came on the brink of resentencing. That also was information that came from defense counsel. The origin of the payment being in advance from a litigation firm, that also came from Hoey's counsel at the time. Yes, there was an exchange during the resentencing transcript where, you know, Engelmeyer noted that he's in the dark. But that was with respect to Hoey's civil lawyer's interest in why they would advance the money. And that was an area of interest that had some relevance. But Hoey's civil lawyer's interest in advancing the money, that's not a critical fact for resentencing. And it's something that the court said he couldn't make a judgment about. So getting down to the actual judgment regarding the $110,000 restitution payment, there's no plain error here. There's no – essentially, the judge said he just didn't see a basis for that $110,000, which was merely a fraction of the $650,000 or so restitution order made on the brink of resentencing to change his fundamental assessment of who Hoey was. So in conclusion, there's simply not a plain error here that there was any procedure of reasonableness or that the sentence is substantively unreasonable. Thank you, counsel. Mr. Gershok, you've retained three minutes for a vote. First of all, Your Honor, I challenge my adversary's statement that saying, would you like an adjournment, that's not requesting an adjournment. Yes, she'd like it, but she didn't say I needed an adjournment. But she was clearly making the point that if you – the judge agreed to have an adjournment, there's nothing to suggest. If you think there's some kind of shenanigans going on, then let's have an adjournment so that we can show you that there are no shenanigans. And the whole case, as Your Honor is, I'm sure, aware, involves shenanigans. There were – you know, Mr. Hoey invented money claiming that it was to help support the business, but then spent some of that money on himself. And the logistic was that he's sort of a sleazy operator, that he's someone who tries to get by. And when the judge uses terms like fishing and the other terms he used, that suggests that he thinks there's something wrong with $110,000. He did acknowledge that the money was there, but he kept saying, I don't know where he got this money. I don't know why someone would give you this money. I think, you know, reading – it's at page 81. He uses the word extraordinary. But it was in the context of I don't accept the premise that there's anything extraordinary about him paying back $110,000. And, you know, that seems perfectly – that seems perfectly reasonable. I don't disagree with you that that's what he meant. In other words, Mr. Hoey was trying to argue that he's entitled to all this great consideration because he took the extraordinary step of repaying $110,000. And the judge was saying, given the uncertainties here, I don't buy it.  Even if the situation – even if extraordinary is a given word in terms of uncertainty, and I would strongly disagree, Mr. Hoey was in jail, and he arranged to get $110,000. As each of you is aware, restitution is sometimes a win in a career. It never happens. And here he was making sense. Yes, of course, it's his obligation to do it. I'm not saying that living up to your obligations is – you know, you've got to know that. Well, I mean, you don't really have an argument to us anyway that it was extraordinary and he should get credit. That would be solely a matter for the district court's discretion unless I'm misunderstanding something. I thought your sole argument – the sole argument that you can make is he imposed a legal standard that wasn't permissible. That's exactly right. Oh, okay. That wasn't a fact. Extraordinary. I'm not saying that. Well, when you started to allude to the fact that he made restitution from jail, I wasn't sure that that wasn't where you were going. I think Judge Chin said, you know, all he did was what he was supposed to do. And I think he did more than that. Was it extraordinary? No, I can't argue with the district case to the extent that that was something out of the normal or out of the range of reasonable possibility. And that's not what I think. But the point is that there was a significant difference between the first sentencing and the second sentencing in terms of what Mr. Hogan had accomplished. Well, let me be sure I understand you. On this point, is what you want from us a remand so that Judge Engelmeyer can tell us I wasn't imposing a new standard? I was just not persuaded that this warranted consideration? Is that basically what we would be doing here? Yes, basically. It's just a remand for the sentence to become more precise. And I don't think – I understand you're on a position that, you know, there's not a magic formula. There's not a magic script. But I do think that one of the problems with sentencing is, you know, the words that you use. And judges have to be careful about the words that you use. And I think that Judge Engelmeyer should be given an opportunity to fully explain what he meant here and explain it in language that is appropriate. Thank you, counsel. Thank you both. We'll reserve decision. That concludes the argument portion of our calendar. So I will ask the clerk to adjourn court. Court is adjourned. Thank you. Thank you.